IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shannon R. Wazney, | ) | C/A No. 3:23-cv-3497-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Robert W. Wazney, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]  (DE 5.)  This case arises from a divorce filed by Plaintiff Shannon R. Wazney ("Plaintiff") in the Sumter County Family Court (2015-DR-43-0046) and a related property division case in the Sumter County Family Court (2021-DR-43-01168). (DE 1.)  Defendant Robert W. Wazney ("Defendant" or "Mr. Wazney"), a *pro se* prisoner, contends that the Sumter County Family Court has violated his civil rights by denying him due process.  (Id.)  Mr. Wazney asserts federal question jurisdiction because his civil rights have been violated, and on July 20, 2023, he removed this matter to this Court.  (Id.)  Mr. Wazney also moves for leave to proceed in forma pauperis.  (DE 2.)  At any rate, as noted in the Report, Mr. Wazney may not remove this action without prepayment of the filing fee because he is subject to the "three-strikes" rule of the Prisoner Litigation Reform Act ("PLRA"):

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Report indicates that "[e]ven if Mr. Wazney could proceed in forma pauperis in this action, the court lacks subject matter jurisdiction to consider it." (DE 6, p. 4.) The Report found, "the cause of action in the Sumter County Family Court – divorce and property division – is a matter strictly reserved to the state courts." (Id. (citing S.C. Code Ann. § 20-3-50 (recognizing that divorce proceedings fall under the equity jurisdiction of the state courts); Ex Parte Burrus, 136 U.S. 586, 593–94 (1890) (noting that it is well-settled that the "whole subject of the domestic relations of husband and wife . . . belongs to the laws of the states, and not the. . . laws of the United States")).)[2] That said, the Report recommended Mr. Wazney's motion to proceed in forma pauperis be denied and for this Court to sua sponte remand this case to the Sumter County Family Court for lack of subject matter jurisdiction.

Mr. Wazney objected to the Report on September 27, 2023. (DE 14.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

---

[2] The Report also noted that this is Mr. Wazney's fourth attempt to remove his divorce proceeding to this court based on his dissatisfaction of its course in the South Carolina courts. See Wazney v. Wazney, C/A No. 3:20-cv-02399-HMH (D.S.C. Oct. 22, 2020) (DE 44: remanding sua sponte the divorce proceeding for lack of subject matter jurisdiction and finding the action frivolous), appeal dismissed, C/A No. 20-7567 (4th Cir. July 1, 2021); Wazney v. Wazney, C/A No. 3:19-cv-01256-HMH, 2019 WL 12239651 (D.S.C. June 12, 2019) (remanding sua sponte the divorce proceeding for lack of subject matter jurisdiction and finding the action frivolous), appeal dismissed, 785 F. App'x 139 (4th Cir. 2019)); Wazney v. Wazney, C/A No. 3:17-cv-2873-HMH, 2018 WL 1491691 (D.S.C. Mar. 26, 2018) (remanding sua sponte the divorce proceeding for lack of subject matter jurisdiction), appeal dismissed, 735 F. App'x 835 (4th Cir. 2018), cert. denied 140 S.Ct. 188 (2019). Thus, this action is also frivolous and substantively without merit. See Nagy v. FMC Butner, 376 F.3d 252, 256–57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); Worley v. Keller, 475 F. App'x 484 (4th Cir. 2012) ("[A] suit is frivolous if it lacks an arguable basis in law or fact.").

review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Mr. Wazney objects to the Report asserting "actions removed from state courts, however, do not count as 'strikes' under § 1915(g) because they are not brought in federal court." (DE 14, p. 2 (citing Mitchell v. Goings, 37 F.4th 169, 172 (5th Cir. 2022) ("Actions removed from state courts, however, do not count as 'strikes' under § 1915(g) because they are not brought in federal court. 'To bring an action has long meant to initiate or commence it, not to prosecute or to continue it.'") [citations omitted]).) Mr. Wazney also believes this Court has subject matter jurisdiction because the Report misapplies S.C. Code Ann. § 20-3-50 by overlooking the "except as otherwise provided" provision. (DE 14, p. 4); see S.C. Code Ann. § 20-3-50 ("Actions for divorce from the bonds of matrimony shall, *except as otherwise provided*, be only in the equity jurisdiction of the court of common pleas.") (emphasis added). The Court overrules both objections.

To begin with, the Report comprehensively detailed several cases that qualify under the three-strike rule. For instance, Mr. Wazney has had three actions dismissed for failure to state a claim and one that was dismissed as frivolous. See Wazney v. Campbell, C/A No. 6:21-cv-04063-

JD, at doc. 23 (D.S.C. Apr. 1, 2022) (dismissed as frivolous), aff'd C/A No. 22-6485 (4th Cir. Sept. 27, 2022); Wazney v. Nelson, C/A No. 6:20-cv-03366-JD, 2022 WL 1004580 (D.S.C. Apr. 1, 2022) (dismissed failure to state a claim), aff'd, 2022 WL 4482059 (4th Cir. Sept. 27, 2022); Wazney v. State of S.C., C/A No. 6:18-cv-02610-HMH (D.S.C. Nov. 20, 2018) (dismissed failure to state a claim), aff'd, C/A No. 19-3084 (4th Cir. May 29, 2019), cert denied, C/A No. 19-6084 (2020); Wazney v. Chase, et al., C/A No. 3:17-cv-03216-HMH, 2018 WL 1491680 (D.S.C. Mar. 26, 2018) (dismissed failure to state a claim), aff'd, 735 F. App'x 113 (4th Cir. 2018), cert denied 140 S.Ct. 173 (2019).  The cases listed here were filed by Mr. Wazney in federal court and not removed by the defendants.  Accordingly, Mr. Wazney has received at least three dismissals, which count as strikes, and so he is barred from proceeding in forma pauperis.

As for subject matter jurisdiction, Mr. Wazney suggests this divorce proceeding is properly before this Court because the "except as otherwise provided" clause of the statute allows removal and because his divorce proceeding involves due process violations.  (DE 14, pp. 4-5.)  Federal jurisprudence forecloses these arguments.  See Ex Parte Burrus, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife . . . belongs to the laws of the states, and not the laws of the United States."); see also Marshall v. Marshall, 547 U.S. 293, 308, (2006) ("'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds" (citation omitted)).  Equally, Mr. Wazney alleged due process violations center on the conduct of the proceedings in State court, not an allegation in the divorce petition.  Mr. Wazney claims removal is based on "Federal Question Jurisdiction because a federal question has manifested upon the Defendant[']s notice of other papers dated June 23, 2023." (DE 1, p. 1.)  Mr. Wazney's removal notice captions the State court case as case number 2021-DR-43-001168, and he indicates that the "other papers" he received on June 23, 2023, are "Appellate Case No. 2023-

000013, and 2023-000014, and 2023-000019[.]" (Id. at 1, 4.) Federal Courts have held that "removal is appropriate if the face of the complaint raises a federal question." Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). Specifically, federal question jurisdiction arises when it is "an element, an essential one, of the plaintiff's cause of action." Gully v. First Nat. Bank, 299 U.S. 109, 112, 57 (1936). "The 'mere presence of a federal issue in a state cause of action' is not enough to confer jurisdiction." Burrell v. Bayer Corp., 918 F.3d 372, 380 (4th Cir. 2019) (citation omitted). "The federal question must be 'necessarily raise[d]' and 'actually disputed' by the parties. It also must be 'substantial,' meaning that its resolution is 'importan[t] … to the federal system as a whole[.]'" Id. (citations omitted).

Although Mr. Wazney's objection references many violations of his civil and due process rights, the record, including his objection, fails to show these claims were made in the complaint. The Report also details Mr. Wazney's unsuccessful previous attempts to establish subject matter jurisdiction after removing a state family court case. See supra note 2. This Court equally overrules his attempt here.

Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report (DE 6) and incorporates it by reference as modified.

It is, therefore, ORDERED that Defendant's Motion to proceed in forma pauperis (DE 2) be denied. IT IS FURTHER ORDERED that this case is REMANDED to the Sumter County Family Court because this Court lacks subject matter jurisdiction.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 31, 2023

5

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.